United States District Court

for the Northern District of California

[FILED stamp: 2011 JUN -6 P 2:14, RICHARD W. WIEKING, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA]

Hard Drive Productions, INC. )
   Plaintiff, )
 )
v. )
 )
John Doe #1, pro se )   Civil Action No. C-11-01959 EMC
Does 1-46 )
   Defendants. )
_____ )

## AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

**Filed Under Penalty of Perjury**

I, John Doe #1 (I.P. Address 67.49.46.27), the Affiant, am making and filing this affidavit solely in support of disputing jurisdiction in the above styled matter. However, in the event that jurisdiction is found proper, and proper service is effected on the undersigned, and if no supplementary answer is filed by the Defendant within 30 days of service, the intent of this affidavit shall be changed to be considered to be a verified response to the Plaintiff's compliant, negatively averring all claims and setting forth affirmative defenses. I hereby certify the following statements are true, the Affiant sayeth that:

*Personal Jurisdiction*

(1) Affiant has had no contract and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sough.

(2) I am unaware of any defenses that I have taken that are similar in the nature of the other Defendants in this case, and I am unaware of any reasonable

connection between myself and the cases of the other Defendants.

*General Defenses/Affirmative Defenses*

1. Affiant had their computer, and other internet devices, inspected by a technician and found an infection of malicious software installed without consent of Affiant. Through this malicious software, a user, other than Affiant, could have routed peer-to-peer traffic through the computer of Affiant, and making it appear to the Plaintiff as if the Affiant had committed an act of infringement. Affiant has no knowledge of this infringement.

2. Affiant runs an operating system (e.g. Windows 7, Linux, etc.) which would allow a bittorrent client to be operated by a remote user, and had such system open to multiple users at the time of alleged infringement. A user, other than Affiant, could have committed the alleged infringement. Affiant has no knowledge of the alleged infringement.

3. Affiant has a wireless router with only WEP security enabled, and therefore the internet address responsible for the alleged infringement was susceptible to use by the general public within range. Affiant has no knowledge of the alleged infringement.

4. Affiant has multiple computers within their residence used by multiple users (family members, friends, visitors, etc.) that all share the same I.P address (internet connection). Affiant has no knowledge of the alleged infringement.

5. Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated this 3rd of June, 2011.

                                                Respectfully submitted,

                                                x __John Doe_____, *pro se*
                                                John Doe #1 (I.P Address 67.49.46.27)