Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | **No. C-11-01959 EMC** |
| ) | |
| Plaintiff, ) | Hon. Edward M. Chen |
| ) | |
| v. ) | |
| ) | **PLAINTIFF'S RESPONSE IN** |
| DOES 1 – 46 ) | **OPPOSITION TO MOVANT'S** |
| ) | **MOTION TO QUASH SUBPOENA** |
| Defendants. ) | |
| ————————————————) | |

An anonymous individual associated with Internet Protocol ("IP") address 24.6.114.15 ("Movant") filed a motion to quash the nonparty subpoena issued to Comcast Online. (Mot. to Quash, June 3, 2011, ECF No. 9 [hereinafter Mot. to Quash #9].) Movant asks the Court to quash the subpoena, arguing that the Court lacks personal jurisdiction over him (*Id.* at ¶ 4–6, 9), that the Court lacks personal jurisdiction over his ISP (*Id.* at ¶ 7), and that his ISP's compliance with the subpoena would impose an undue burden on him (*Id.* at ¶ 8).

### ARGUMENT

This brief consists of four parts: Part I argues that Movant's challenge to personal jurisdiction is premature at this stage of the litigation. Part II argues that Movant has no standing to challenge the Court's jurisdiction over a non-party ISP. Part III argues that Movant's undue burden arguments properly lie with his ISP, and not him. Finally, Part IV argues that Movant is not entitled to a protective order.

1    **I.      MOVANT'S CHALLENGE TO PERSONAL JURISDICTION IS PREMATURE**

2           Movant's challenge to personal jurisdiction is premature at this juncture of the litigation

3    where the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin*

4    *Records America, Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956 at *3 (D.D.C. Apr. 18, 2006);

5    *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008)

6    ("premature to adjudicate personal jurisdiction"). A court cannot properly assess a defendant's

7    contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL

8    1028956 at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y.

9    2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it

10   would be difficult to assess properly the existence of personal jurisdiction over the Doe

11   defendants").

12          Movant alleges that Plaintiff is "fully aware" that the Court lacks personal jurisdiction over

13   him, relying on the existence of publicly-available IP geolocation services. (Mot. to Quash #9 ¶ 6.)

14   Movant's arguments are unavailing, as IP geolocation tools only show where a defendant is *likely* to

15   be located; such information cannot resolve the question of whether personal jurisdiction is proper.

16   *See Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455, 2011 WL 996786 at *9 (D.D.C. Mar.

17   22, 2011); *Sony Music*, 326 F. Supp. 2d at 567–68. Even if Movant had submitted an affidavit

18   asserting that he does not have contacts with this jurisdiction, the Court has limited information to

19   assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to

20   establish jurisdiction. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438 at *9

21   (D.D.C. May 12, 2011); *see also, e.g.*, *London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even

22   taking all of the facts in [movant's] application as true, it is possible that the Court properly has

23   personal jurisdiction.").

24          Movant also raises the slippery-slope argument that allowing Plaintiff to proceed with

25   discovery would allow general jurisdiction in any federal court against any person across the country

26   or the world. (Mot. to Dismiss #9 ¶ 9.) While such a prospect is troubling, that is simply not the case

27   here; Plaintiff's allegations do not involve general internet access, but specific use of a file-sharing

28

protocol that may touch multiple jurisdictions to effectuate the download of a single copyrighted Work. *See* Compl. ¶ 15, *Call of the Wild Movie*, 2011 WL 996786 at *9. The nature of the BitTorrent technology is such that every user of the file-sharing protocol who accesses copyrighted material may be connecting to peers located in multiple jurisdictions around the country. *Call of the Wild Movie*, 2011 WL 996786 at *9.

Although dispositive issues such as personal jurisdiction should indeed be resolved promptly, any such resolution would be premature at this juncture in the litigation. No putative defendant has yet been named or haled before this court; Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Id.* at *9. When the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.* at *9; *see also Virgin Records*, 2006 WL 1028956 at *3.

Plaintiff notes that the very same geolocation technology championed by Movant places him in San Jose, California. IP Details for 24.6.114.15, http://whatismyipaddress.com/ip/24.6.114.15 (last visited June 6, 2011).

## II.    MOVANT LACKS STANDING TO CHALLENGE THE COURT'S JURISDICTION OVER A NON-PARTY ISP

Movant "contests" the personal jurisdiction of this Court over the ISP to which the subpoena was served. (*See* Mot. to Quash #9 ¶ 7.) Movant lacks standing to bring this challenge.

Since Movant is not a party to this case, he lacks standing to invoke the power of this Court to make determinations on this argument. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also* U.S. Const. art. III. The Supreme Court explained that the requirement for cases and controversies "limit[s] the business of federal courts to questions presented in an adversary context." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Our judicial system is premised upon the belief that adverse parties, with a stake in the outcome of the litigation, are best suited to fully litigate and present all relevant information to the courts. *See, e.g.*, *Baker v. Carr*, 369 U.S. 186, 204 (1962) (standing

ensures "concrete adverseness"). In addition to constitutional limitations on federal court jurisdiction, the prudential standing doctrine embraces several judicially self-imposed limits on its exercise, such as the general prohibition on a litigant's raising another person's legal rights. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Movant has not met his burden to establish that he has standing to object to this Court's exercise of personal jurisdiction over a non-party ISP. Movant fails to allege any basis for standing in this regard. (*See* Mot. to Quash #9 ¶ 8.) The Constitution of the United States demands that Movant be an adversary, but the closest Movant comes to being an adversary is the concern that the information released by his ISP may be about him. (*See id.* ¶ 2–4, 8.) This vague uneasiness and speculation about what Plaintiff may do and who may be named as a party fall far short of the high constitutional bar for concrete adverseness. Furthermore, the prudential limitations on the exercise of federal court jurisdiction should also prohibit Movant from asserting the rights of his non-party ISP. Objections to personal jurisdiction, after all, may be waived, and Movant should not be allowed to usurp his ISP's decisions on this front. *See F.T.C. v. Browning*, 435 F.2d 96, n.7 (D.C. Cir. 1970) (recognizing that "objections to personal jurisdiction may be waived"). The Court should deny Movant's motion because Movant lacks standing to bring it.

Moreover, even if Movant had standing to raise this argument, it would still fail. Movant's ISP is found in the State of California, conducts business in this District and is registered with the California Secretary of State. Movant's ISP is thus subject to this Court's jurisdiction.

### III.    MOVANT'S UNDUE BURDEN ARGUMENTS PROPERLY LIE WITH THE SUBPOENAED ISPS AND NOT MOVANT

Movant claims that the subpoena should be quashed because if he is identified and named as a party in this case, Movant will be subject to an undue burden. (*See* Mot. to Quash #9 ¶ 8.) Movant bears the burden of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103,

1    109 (N.D. Tex. 1998)). Movant cannot claim any hardship at this juncture; only the non-party ISP

2    could potentially claim the same.

3        Movant essentially argues that the Plaintiff's non-party subpoenas requires him to litigate in

4    a forum in which he should not be subject to personal jurisdiction, which causes him hardship. *See*

5    *id.* at ¶ 8; *Voltage Pictures*, 2011 WL 1807438 at *3. However, as explained more fully above,

6    Movant's personal jurisdiction arguments are premature because Movant has not yet been named as

7    a party. *See infra* Part I; *Voltage Pictures*, 2011 WL 1807438 at *3. Because Movant is not a named

8    party, Movant is not required to respond to the allegations presented in Plaintiff's Complaint or

9    otherwise litigate in this district. *Voltage Pictures*, 2011 WL 1807438 at *3. Movant faces no

10   obligation to produce any information under the subpoena issued to his non-party ISP and

11   consequently "cannot claim any hardship, let alone undue hardship." *Id.* at *3; *see also Worldwide*

12   *Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962 at *2 (D.D.C. May 17, 2010)

13   (finding the movant challenging non-party ISP subpoena cannot demonstrate "*any* burden").

14       The exhaustive list of situations in which a court may quash or modify a subpoena is set forth

15   in Fed. R. Civ. P. 45(c)(3). Movants' only allowable basis for quashing a subpoena is if it "requires

16   disclosure of privileged or other protected matter, if no exception or waiver applies."

17   *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; undue burden objections, in particular,

18   properly lie with the ISPs, not Movant. *Kessel v. Cook Cnty.*, No. 00-C-3980, 2002 WL 398506, at

19   *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party);

20   *see also Call of the Wild Movie*, 2011 WL 996786 at *16 (describing undue burden test as balancing

21   the burden imposed on the *party subject to the subpoena*, the relevance of the information sought,

22   the breadth of the request, and the litigant's need for the information); *In re Yassai*, 225 B.R. at 484

23   (holding that movants could not meet their burden in demonstrating undue burden without evidence

24   pertaining to the time, cost, or inconvenience entailed in responding to the third-party subpoenas).

25   Movant bears a heavy burden of persuasion in establishing that compliance with the non-party ISP

26   subpoenas would be unreasonable and oppressive—a burden that Movant has no chance of meeting.

27

28

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH SUBPOENA          No. C-11-01959 EMC

The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### IV.    MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Finally, Movant apparently requests a protective order, seeking to protect his identity from being disclosed to Plaintiff. (Mot. to Quash #9, 3.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Although Rule 26(c) contains no specific reference to privacy or to other rights or interests, such matters have been held implicit in the broad purpose and language of the rule. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984). Movant does not qualify for such an order, as Movant is not subject to Plaintiff's subpoenas, and Movant's First Amendment right to anonymity in the context of his BitTorrent activity is minimal and outweighed by Plaintiff's need for the putative defendants' identifying information in order to protect its copyrights. *See Voltage Pictures*, 2011 WL 1807438 at *4 (denying motions for protective orders from thirty-five anonymous movants).

As described *infra*, Movant is not subject to Plaintiff's subpoenas. *See infra* Part III. Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See id.*; *Voltage Pictures*, 2011 WL 1807438 at *4. Movant's request for a protective order therefore fails on all possible explicit grounds. Even to the extent that Movant's request invokes the implicit issue of privacy, it must fail.

A person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. *See Sony Music*, 326 F. Supp 2d at 558; *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597 at *2 (N.D. Cal. Mar. 6, 2006) (Chen, J.) (applying the Sony Music factors and allowing discovery of Doe defendants' identities). Movant cannot cloak his identity in the First Amendment when his infringing activities are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."

6

*MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity to be minimal).

### CONCLUSION

In *MCGIP, LLC* this Court addressed and dismissed all of the arguments that Movant offers in its Mot. to Quash #9. 2011 WL 2181620. Movant's arguments are not novel, nor do they raise any factual arguments that distinguish Movant's circumstances. As a result, the Court should dispose of Mot. to Quash #9 just as it did with the motion presented in *MCGIP, LLC*.

The Court should deny Movant's motion. Movant's challenge to personal jurisdiction is premature; Movant lacks standing to challenge the Court's jurisdiction over a non-party ISP; Movant cannot credibly bring undue burden arguments; and Movant is not entitled to a protective order because he is not subject to Plaintiff's subpoenas and has minimal privacy expectations.


Respectfully Submitted,

                                        STEELE HANSMEIER, PLLC,

**DATED: June 8, 2011**

                        By:        /s/  Brett L. Gibbs, Esq.
                                   Brett L. Gibbs, Esq. (SBN 251000)
                                   Steele Hansmeier PLLC.
                                   38 Miller Avenue, #263
                                   Mill Valley, CA 94941
                                   blgibbs@wefightpiracy.com
                                   *Attorney for Plaintiff*

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH SUBPOENA          No. C-11-01959 EMC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 8, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

John Doe
(No Identifying Information Provided)

John Doe
IP Address: 24.6.114.15
(No Further Identifying Information Provided)

John Doe
IP Address: 67.49.46.27
(No Further Identifying Information Provided)

/s/  Brett L. Gibbs
Brett L. Gibbs, Esq.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH SUBPOENA          No. C-11-01959 EMC