1  Brett L. Gibbs, Esq. (SBN 251000)
   Steele Hansmeier PLLC.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

6
                IN THE UNITED STATES DISTRICT COURT FOR THE
7
                       NORTHERN DISTRICT OF CALIFORNIA
8
                            SAN FRANCISCO DIVISION
9

10

11
   HARD DRIVE PRODUCTIONS, INC.,     )    **No. C-11-01959 EMC**
12                                    )
              Plaintiff,              )
13      v.                            )    **[PROPOSED] ORDER DENYING
                                      )    DOE 24.6.114.15'S MOTION TO
14   DOES 1-46,                       )    QUASH PLAINTIFF'S SUBPOENA**
                                      )
15            Defendants.             )
                                      )
16   _____)

17                     **ORDER DENYING DOE 24.6.114.15'S
                      MOTION TO QUASH PLAINTIFF'S SUBPOENA**
18
           The Court has reviewed Doe Defendant 24.6.114.15's Motion to Quash and/or Vacate
19
   Subpoena and Incorporated Memorandum of Law (DKT#9), and Plaintiff's Opposition (DKT#14) to
20
   such. As outlined more fully Plaintiff's Opposition, Defendant has failed to meet its burden of
21
   showing that the subject subpoena should be quashed, and/or vacated by this Court. *MCGIP, LLC v.*
22
   *Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011). Plaintiff has adeqautely
23
   shown that its needs in obtaining the identifying information sought far outweigh Defendant's needs
24
   to keep such information private. *See id.* As such, Defendant's Motion to Quash and/or Vacate
25
26 Plaintiff's Subpoena is **DENIED**.
27
28

In terms of a protective order, as raised by Defendant, this Court has already ordered that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of prosecuting this litigation.  This shall be sufficient protection for Defendant.

Third-party entities that have been, and will be, subpoened by Plaintiff must still carry on with gathering and supplying Plaintiff with the information requested through its Rule 45 subpoenas as fully laid out in this Court's Order Granting Plaintiff's *Ex Parte* Application for Expedited Discovery (DKT#8).

This order disposes of Docket No. 9.

IT IS SO ORDERED.

DATED:_____        _____
                                                                                    Edward M. Chen
                                                                         United States District Court Judge