Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | **No. C-11-01959 EMC** |
| Plaintiff, | Hon. Edward M. Chen |
| v. | |
| DOES 1 – 46 | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH SUBPOENA** |
| Defendants. | |

An anonymous individual associated with Internet Protocol ("IP") address 67.49.46.27 ("Movant") filed a motion to quash the nonparty subpoena issued to Comcast Online. (Mot. to Quash, June 6, 2011, ECF No. 10 [hereinafter Mot. to Quash #10].) Movant also filed an affidavit in support of his motion. (Aff. in Supp. of Mot. to Dismiss, Mot. to Quash, and General Defenses, June 6, 2011, ECF No. 11 [hereinafter Aff. #11].) Movant asks the Court to quash the subpoena and asks for a protective order, making general factual denials that he engaged in, or had knowledge of, any alleged copyright infringement (*Id.* at 2, ¶¶ 1–5). Additionally, Movant argues that the Court lacks personal jurisdiction over him (Mot. to Quash #10 ¶ 4), and also argues that his ISP's compliance with the subpoena would impose an undue burden on him (*Id.* at ¶ 4).

**ARGUMENT**

This brief consists of four parts: Part I points out that a general factual denial of engaging in copyright infringement is not a basis for quashing a subpoena. Part II argues that Movant's challenge

to personal jurisdiction is premature at this stage of the litigation. Part III argues that Movant's undue burden arguments properly lie with his ISP, and not him. Finally, Part IV argues that Movant is not entitled to a protective order.

### I. A GENERAL DENIAL OF ENGAGING IN COPYRIGHT INFRINGEMENT IS NOT A BASIS FOR QUASHING A SUBPOENA

Movant provides an affidavit asserting that he "has no knowledge of the alleged" copyright infringement Plaintiff alleges in its Complaint. (Aff. #11 ¶¶ 1–5.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011)) (denying an anonymous defendant's motion to quash). Movant's denial may have merit, but the merit of Movant's denial is not relevant to the issue of whether Plaintiff's subpoena is valid and enforceable at this time. *Id.* The merits will be evaluated after the identifying information is returned pursuant to the subpoenas.

The same goes for Movant's alleged "General Defenses/Affirmative Defenses." (Aff. #11 at 2.) Movant may have valid defenses to this suit, but the time to raise those is after Movant is named as a party in this lawsuit—a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that the movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the motion because Movant's general factual and affirmative assertions and denials are irrelevant and premature at this stage of the litigation.

## II.   MOVANT'S CHALLENGE TO PERSONAL JURISDICTION IS PREMATURE

Movant's challenge to personal jurisdiction is premature at this juncture of the litigation when the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin Records America, Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

Movant suggests that this district is "more than 500 miles away from his home" (Mot. to Quash #10 ¶ 4), but peculiarly, Movant's affidavit fails to deny that he lives in California, let alone to state that he has no significant contacts with this jurisdiction sufficient for general or specific jurisdiction. (Aff #11 at 1 ¶¶ 1–2.) The closest Movant comes is to assert that he has "done no business with the Plaintiff"—an assertion that tends to support Plaintiff's allegations in this lawsuit. (*Id.* at ¶ 1.) Even if Movant had submitted a more comprehensive affidavit asserting that he does not have any sufficient contacts with this jurisdiction, the Court has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Voltage Pictures*, 2011 WL 1807438, at *9; *see also, e.g.*, *London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as true, it is possible that the Court properly has personal jurisdiction.").

Although dispositive issues such as personal jurisdiction should indeed be resolved promptly, any such resolution would be premature at this juncture in the litigation. No putative defendant has yet been named or haled before this court; Plaintiff will be able to proceed only against *named* defendants over whom this court has personal jurisdiction. *Call of the Wild Movie*, 2011 WL 996786, at *9. When the defendants are *named and served*, they will have an opportunity to file

appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.* at *9; *see also Virgin Records*, 2006 WL 1028956, at *3.

Finally, although geolocation tools can only show where a defendant is *likely* to be located, and such information cannot resolve the question of whether personal jurisdiction is proper, *see Call of the Wild Movie*, 2011 WL 996786, at *9, use of this basic technology places Movant in Reseda, California. IP Details for 67.49.46.27, http://whatismyipaddress.com/ip/67.49.46.27 (last visited June 6, 2011).

### III. MOVANT'S UNDUE BURDEN ARGUMENTS PROPERLY LIE WITH THE SUBPOENAED ISPS AND NOT MOVANT

Movant claims that the subpoena should be quashed because if he is identified and named as a party in this case, Movant will be subject to an undue burden. (*See* Mot. to Quash #10 ¶ 4.) Movant bears the burden of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot claim any hardship at this juncture; only a non-party ISP may raise this defense to quash the subpoena. *See* Fed. R. Civ. P. 45(c)(3).

Movant essentially argues that the Plaintiff's non-party subpoenas requires him to litigate in a forum in which he should not be subject to personal jurisdiction, which causes him hardship. *See* Mot. to Quash #10 ¶ 4; *Voltage Pictures*, 2011 WL 1807438, at *3. However, as explained more fully above, Movant's personal jurisdiction arguments are premature because Movant has not yet been named as a party. *See infra* Part II; *Voltage Pictures*, 2011 WL 1807438, at *3. Because Movant is not a named party, Movant is not required to respond to the allegations presented in Plaintiff's Complaint or otherwise litigate in this district. *Voltage Pictures*, 2011 WL 1807438, at *3. Movant faces no obligation to produce any information under the subpoena issued to his non-party ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.* at *3; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May

17, 2010) (finding that movant challenging non-party ISP subpoena cannot demonstrate "*any* burden").

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movants' only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; undue burden objections, in particular, properly lie with the ISPs, not Movants. *Kessel v. Cook Cnty.*, No. 00-C-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party); *see also Call of the Wild Movie*, 2011 WL 996786, at *16 (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *In re Yassai*, 225 B.R. at 484 (holding that the movants could not meet their burden in demonstrating undue burden without evidence pertaining to the time, cost, or inconvenience entailed in responding to the third-party subpoenas). Movant bears a heavy burden of persuasion in establishing that compliance with the non-party ISP subpoenas would be unreasonable and oppressive—a burden that Movant has no chance of meeting. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### IV.  MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Finally, Movant apparently requests a protective order, seeking to protect his identity from being disclosed to Plaintiff. (Mot. to Quash #10 at 2.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Although Rule 26(c) contains no specific reference to privacy or to other rights or interests, such matters have been held implicit in the broad purpose and language of the rule. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984). Movant does not qualify for such an order, as Movant is not subject to Plaintiff's subpoenas, and Movant's First Amendment right to anonymity in the context of his BitTorrent activity is minimal and outweighed by Plaintiff's need for the putative defendants' identifying information in order to protect its copyrights. *See*

*Voltage Pictures*, 2011 WL 1807438, at *4 (denying motions for protective orders from thirty-five anonymous movants).

As described *infra*, Movant is not subject to Plaintiff's subpoenas. *See infra* Part III. Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See id.*; *Voltage Pictures*, 2011 WL 1807438, at *4. Movant's request for a protective order therefore fails on all possible explicit grounds. Even to the extent that Movant's request invokes the implicit issue of privacy, it must fail.

A person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. *See Sony Music*, 326 F. Supp 2d at 558; *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (Chen) (applying the Sony Music factors and allowing discovery of Doe defendants' identities). Movant cannot cloak his identity in the First Amendment when his infringing activities are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.); *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding the movant's rights to anonymity to be minimal).

//
//
//
//
//
//
//
//
//
//

# CONCLUSION

The Court should deny Movant's motion. Movant's general denial of liability is irrelevant; Movant's challenge to personal jurisdiction is premature; Movant cannot credibly bring undue burden arguments; and Movant is not entitled to a protective order because he is not subject to Plaintiff's subpoenas and has minimal privacy expectations.

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: June 8, 2011**

By:  /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 8, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

John Doe
(No Identifying Information Provided)

John Doe
IP Address: 24.6.114.15
(No Further Identifying Information Provided)

John Doe
IP Address: 67.49.46.27
(No Further Identifying Information Provided)

                                                      /s/ Brett L. Gibbs
                                                        Brett L. Gibbs, Esq.