1  Brett L. Gibbs, Esq. (SBN 251000)
   Steele Hansmeier PLLC
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4

5  *Attorney for Plaintiff*

6

7            IN THE UNITED STATES DISTRICT COURT FOR THE

8                    NORTHERN DISTRICT OF CALIFORNIA

9                          SAN FRANCISCO DIVISION

10

11 HARD DRIVE PRODUCTIONS, INC.,    )     **No. C-11-01959 EMC**
                                    )
12         Plaintiff,                )     Hon. Edward M. Chen
                                    )
13      v.                           )
                                    )     **PLAINTIFF'S RESPONSE IN**
14 DOES 1 – 46                      )     **OPPOSITION TO MOVANT'S**
                                    )     **MOTION TO QUASH SUBPOENA**
15         Defendants.              )
                                    )
16

17         An anonymous individual ("Movant") filed a letter titled, "Motion to Quash Order Granting

18 Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference With Extended

19 Joinder Discussion." (ECF No. 12 [hereinafter Mot. to Quash #12].) Movant ostensibly moves the

20 Court to quash all outstanding subpoenas in this action, arguing that the Court lacks personal

21 jurisdiction over him (*Id.* at 1), that joinder is improper (*Id.*), that modern technology is not capable

22 of establishing Internet-based copyright infringement (*Id.* at 1–3), that decisions in other cases

23 support Movant's request (*Id.* at 3–6) and that Plaintiff's counsel has improper motives (*Id.* at 7).

24                                    **ARGUMENT**

25         This brief consists of five parts: Part I argues that Movant lacks standing to raise any of the

26 arguments in his letter. Part II argues that Movant's personal jurisdiction argument is premature at

27 this stage of the litigation. Part III argues that Movant's misjoinder argument is premature at this

28 stage of the litigation.  Part IV argues that Movant's technology-based arguments on the merits are

not a basis for quashing the subpoenas. Part V argues that neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citations to unrelated authority are bases for quashing the subpoenas.

### I.    MOVANT LACKS STANDING TO RAISE ANY OF THE ARGUMENTS IN HIS LETTER

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also* U.S. Const. art. III. The Supreme Court explained that the requirement for cases and controversies "limit[s] the business of federal courts to questions presented in an adversary context." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Our judicial system is premised upon the belief that adverse parties, with a stake in the outcome of the litigation, are best suited to fully litigate and present all relevant information to the courts. *See, e.g.*, *Baker v. Carr*, 369 U.S. 186, 204 (1962) (standing ensures "concrete adverseness"). In addition to constitutional limitations on federal court jurisdiction, the prudential standing doctrine embraces several judicially self-imposed limits on its exercise, such as the general prohibition on a litigant's raising another person's legal rights. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Movant has not met his burden to establish that he has standing to raise any of the objections contained in his letter. Indeed, Movant fails to allege any connection to this case whatsoever. (*See* Mot. to Quash #12.) He does not reference an IP address, allege that he received a notice letter from his ISP or describe any other plausible relationship to this case. The Constitution of the United States demands that Movant be an adversary. At this point at least, Movant is not one. The Court should deny Movant's motion because Movant lacks necessary standing to bring it.

### II.    MOVANT'S CHALLENGE TO PERSONAL JURISDICTION IS PREMATURE

Movant's challenge to personal jurisdiction is premature at this juncture of the litigation when the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin Records America, Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin*

*Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

Movant claims, dubiously, that he does not "live in the State of California."[1] (Mot. to Quash #12 ¶ 1.) Movant fails to directly deny that he has any significant contacts with this jurisdiction sufficient for general or specific jurisdiction. (*Id.*) Even if Movant had submitted an affidavit asserting that he does not have any sufficient contacts with this jurisdiction, the Court has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011); *see also, e.g.*, *London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as true, it is possible that the Court properly has personal jurisdiction."). In other words, the Court currently lacks sufficient jurisdictional facts to make the judgments that Movant requests.

Although dispositive issues such as personal jurisdiction should indeed be resolved promptly, any such resolution would be premature at this juncture in the litigation. No putative defendant has yet been haled before this court; Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455, 2011 WL 996786 at *9 (D.D.C. Mar. 22, 2011). When the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.* at *9; *see also Virgin Records*, 2006 WL 1028956, at *3. Until that time, the Court must recognize Movant cannot make such challenges.

///

---

[1] An identical letter that was filed in a separate case was sent in an envelope that was postmarked from a San Francisco Bay Area zip code. *See* Envelope of Mot. to Quash Pl.'s Appl. for Leave to Take Disc. Prior to Rule 26(f) Conference with Extended Joinder Discussion, *Hard Drive Prods., Inc. v. Does 1–188*, No. 11-1566 (N.D. Cal. June 7, 2011), ECF No. 13-1. *Compare* Mot. to Quash #12 (the instant motion in this case), *with* Mot. to Quash Pl.'s Appl. for Leave to Take Disc. Prior to Rule 26(f) Conference with Extended Joinder Discussion, *Hard Drive Prods., Inc. v. Does 1–188*, No. 11-1566 (N.D. Cal. June 7, 2011), ECF No. 13 (identical except for case name and number, and filed on same day).

### III. MOVANT'S MISJOINDER CHALLENGE IS PREMATURE

Movant's challenge to joinder is premature at this early juncture of the litigation. Movant claims that factual differences between himself and each Doe Defendant in "network configurations, hardware, and living circumstances" create a situation of misjoinder. (Mot. to Quash #12 ¶ 2.) However, this Court has already decided that such issues are premature at this stage in the litigation, regardless of whether Movant's argument has merit. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures*, 2011 WL 1807438, at *4) (finding joinder "proper" at early stage of litigation, even where the movant's assertion of misjoinder "may be meritorious"); *see also MCGIP v. Does 1-316*, 10-C-6677, Doc. #133 (N.D. Ill. June 9, 2011) (Kendall) (quoting Judge Chen's joinder passage, and coming to the same conclusion).

At this stage in the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is proper. Plaintiff has alleged that the Doe Defendants have infringed Plaintiff's copyrighted Work (the same piece of Work) through the same file-sharing protocol—BitTorrent—that operates through simultaneous and sequential computer connections and data transfers among its users. (Compl. ¶¶ 5, 11, 13, 15, 23.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP, LLC*, 2011 WL 2181620, at *4 (Chen, J.) (holding such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie*, 2011 WL 996786 at *4–5 (finding plaintiffs' allegations that the Doe defendants used BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related").

At a later point in this litigation, after Doe Defendants have been named and served, they may raise joinder issues under Fed. R. Civ. P. 20, and move to sever under Fed. R. Civ. P. 21. Recent authority points out that this would be the appropriate time for the Court to evaluate the merits of such arguments. *Voltage Pictures*, 2011 WL 1807438, at *8; *see also MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.). The Court should reject Movant's joinder challenge as premature.

### IV. MOVANT'S TECHNOLOGY-BASED ARGUMENTS ARE NOT A BASIS FOR QUASHING THE SUBPOENAS

Movant argues that modern technology is not capable of establishing the identity of an individual associated with Internet-based copyright infringement. (Mot. to Quash #12 ¶¶ 3–6.) Movant essentially asks the Court to reconsider its Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference (Apr. 25, 2011, ECF No. 8), based on arguments concerning the precision of modern technology. These are arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.) (same).

Movant may have valid defenses to this suit, possibly including that he has been "improperly identified by the ISP," but the time to raise those is *after Movant has actually been identified* and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that the movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should recognize that Movant's merits-based technological arguments are irrelevant and premature to Movant's motion.

### V. MOVANT'S *AD HOMINEM* ATTACKS AND CITATIONS TO UNRELATED AUTHORITY ARE NOT BASES FOR QUASHING THE SUBPOENAS

Movant accuses Plaintiff's counsel of "mobster mentality and tricks" and claims that cases filed by Plaintiff's counsel "have been reviewed and dropped all around the country . . . ." (Mot. to Quash #12 at 7.) The list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks against Plaintiff's counsel. *See* Fed. R. Civ. P. 45(c)(3). Indeed, Movant

offers only sweeping generalizations—and no specific allegations—regarding the activities of Plaintiff's counsel. (*See generally* Mot. to Quash #12.)

Movant cites to over forty cases in support of his assertion that cases filed by Plaintiff's counsel "have been reviewed and dropped all around the country." (Mot. to Quash #12 at 3–7.) However, Movant fails to inform the Court that only five of the cases he cites were actually filed by Plaintiff's counsel. Movant also fails to inform the Court that the five cases represent a small fraction of the cases filed by Plaintiff's counsel in which courts, including courts in this District, including this Court, have allowed the plaintiffs to proceed with early discovery in similar circumstances. *See, e.g.*, *MCGIP v. Does 1–49*, No. 11-1801, 2011 WL 1748461 (N.D. Cal. April 22, 2011) (Fogel, J.); Order Granting Pl.'s *Ex Parte* Mot. for Expedited Disc., *MCGIP v. Does 1–21*, No. 11-1783 (N.D. Cal. April 19, 2011) (Beeler), ECF No. 8; Order Granting Pl.'s *Ex Parte* Mot. for Expedited Disc., *MCGIP v. Does 1–9*, No. 11-2262 (N.D. Cal. May 18, 2011) (Chen, J.), ECF No. 8. Finally, Movant fails to distinguish between the present action—where the number of alleged infringers is relatively limited and all defendants are believed to be physically present in this state—and actions in which thousands of alleged infringers from across the United States are joined in a single action. A number of courts appear to distinguish between the two. *Compare MCGIP, LLC*, 2011 WL 2181620, at *1 (Chen, J.) (allowing case to proceed where "there are only 18 Doe Defendants—not hundreds or thousands"), *and Voltage Pictures*, 2011 WL 1807438, at *6 (allowing case to proceed where plaintiff alleged "infringement of a single copyrighted work" and describing "alleged infringement of multiple works" as "a factor that may undermine . . . joinder"), *with* Order to Show Cause 3–4, *Nu Image, Inc. v. Does 1–23,322*, No. 11-0301 (D.D.C. June 7, 2011), ECF No. 9 (ordering plaintiff to show how its complaint could survive a motion to dismiss under 28 U.S.C. 1400(a) where "Plaintiff conceded . . . that the vast majority of the 23,322 putative defendants do not reside in the District of Columbia").

///

///

///

# CONCLUSION

The Court should deny Movant's motion. Movant fails to allege any connection to this case whatsoever and thus lacks standing to bring his motion; Movant's challenge to personal jurisdiction is premature; Movant's challenge to joinder is premature; Movant's technological merits-based arguments are premature and thus irrelevant to his motion; and neither Movant's *ad hominem* attacks nor his citations to unrelated authority are bases for quashing the subpoenas.

Respectfully Submitted,

                STEELE HANSMEIER, PLLC,

**DATED: June 9, 2011**

By:     /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*