David Barzelay, Esq. (CA Bar No. 260605)
35 Walter St. No. 4
San Francisco, CA  94114
(415) 613-3373
david.barzelay@gmail.com

David Philip Graham (CA Bar No. 269613) (Admission Pending)
1800 Century Park East, Suite 600
Los Angeles, CA  90067
(424) 262-1718
David@DPGatLaw.com

*Attorneys for Movant*: John Doe
(aka IP address 71.198.104.197)

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | **Case No.: C-11-01959 EMC** |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION AND MOTION BY JOHN DOE TO QUASH SUBPOENA** |
| DOES 1-46 | |
| Defendants. | Honorable Edward M. Chen |
| | Date:  July 18, 2011
Time:  1:30 P.M. |

**NOTICE OF MOTION AND MOTION BY JOHN DOE TO QUASH SUBPOENA FOR PERSONALLY IDENTIFYING INFORMATION**

PLEASE TAKE NOTICE THAT John Doe ("Defendant"), alleged but not admitting to have used IP address 71.198.104.197,[1] will and hereby does move the Court for an Order granting

---
[1] Although Defendant is willing to be identified by this IP address for the purposes of this motion to quash, Defendant denies ever having used or had any association with or control over this IP address or any computer broadcasting it.

1
NOTICE OF MOTION AND MOTION BY JOHN DOE TO QUASH SUBPOENA

Defendant's Motion to Quash Subpoena pursuant to Code of Civil Procedure 1987.1, providing that upon a motion reasonably made by a subpoenaed consumer or a person whose personally identifying information is sought the Court may make an order quashing a subpoena in its entirety. Hard Drive Productions, Inc. ("Plaintiff") seeks to force Comcast Corporation to release Defendant's personally identifying information, including Defendant's true name, address, telephone number, email address, and media access control address. This subpoena must be quashed because Defendant is not affiliated with the internet protocol ("IP") address supposedly linked to Defendant's activities, because the release of Defendant's personally identifying information would infringe on Defendant's right to free speech, and because Comcast is barred from releasing Defendant's personal records without Defendant's consent to release under Code of Civil Procedure 1985.3. In addition, Plaintiff's joinder of 46 Doe defendants in this case is in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure because there is no allegation of the same transaction, occurrence, or question of law or fact between them.

## I.    FACTS

Plaintiff filed this action in the mistaken belief that Defendant reproduced and distributed unauthorized copies of Plaintiff's copyrighted works over the internet. In particular, Plaintiff alleges that the IP address 71.198.104.197 uploaded and/or downloaded one of Plaintiff's copyrighted adult films, "Amateur Allure – Kim," on March 21, 2011 at precisely 4:52:27 PM GMT. Plaintiff came to this conclusion by looking at what it believed was Defendant's IP address. Defendant's IP address is of a type known as a dynamic host configuration protocol ("DHCP"). In short, Comcast periodically assigns and reassigns new IP addresses to its DHCP IP address customers from a pool of IP addresses, meaning that different computers use the same IP address at different times and the same computer periodically receives new IP addresses. This system can be difficult to track and can be subject to manipulation, hijacking, or hacking by outside sources.

In addition, even in those cases where an IP address can be linked to a particular computer, it still identifies *at best* just a machine, and not any actual person. The IP address can make no statement about which real person, if any, took which actions on a certain computer. As a result, the

IP address is often a very weak link between a real person and any activities engaged in on a particular computer.

Moreover, entire vast networks of computers often access the internet through a single IP address using an extremely common device known as a "router."  Such a device allows a single internet subscriber to share an internet connection via a wireless (or wired) network.  Such a network can unavoidably be accessed by anyone within range.  Security protocols are usually available on such networks, but are beyond the technical capabilities of many ordinary individuals, and in any case are often not used at all.  Even when a network requires a password, such security protocols are notoriously insecure and susceptible to hacking.

Defendant is alleged by Plaintiff to have participated in a so-called BitTorrent swarm with other Doe defendants. BitTorrent is a decentralized file-sharing technology in which individual users exchange pieces of a file with each other until they receive all the pieces and have obtained a complete file. The nature of BitTorrent technology is such that it is impossible to know which participant computers in a BitTorrent swarm upload or download which pieces of a file to or from which other computers.

Plaintiff identified what it claims to be Defendant's IP address through the use of proprietary software owned by Plaintiff's representatives about which Plaintiff's representatives typically refuse to divulge information.  There is no publicly verifiable reason to believe that the IP address 71.198.104.197 was in fact linked with infringing activity.  Even Plaintiffs cannot say whether that IP address sent pieces of the file, received pieces of the file, or was merely "listening in" on the torrent swarm just as Plaintiff itself was doing.

Plaintiff sought an *ex parte* application for leave to take expedited discovery, which the Court granted. Defendant was very surprised to receive notice of a subpoena requesting personal information relating to Plaintiff's copyrighted material, both because Defendant does not engage in internet piracy and because Plaintiff's material is of an adult nature. Defendant did not infringe Plaintiff's works and has no records of having ever used the IP address 71.198.104.197.

**II.     BACKGROUND**

1    Simply put, Plaintiff is casting as wide a net as possible in an attempt to find people who
2    may have reproduced and distributed its copyrighted works online without its authorization.
3    Plaintiff has filed similar Doe suits from California to Illinois, with Does numbering from 46, as in
4    the Plaintiff's case here, to 1000, as in Plaintiff's current suit in the Northern District of Illinois.
5    Hard Drive Productions, Inc. v. Does 1-1000, Docket No. 1:10-cv-05606. The breadth of these suits
6    is an indication of how wide Plaintiff's net is. In each case, Plaintiff grounds its subpoenas in the
7    belief that the Doe defendants engaged in copyright infringement without knowing anything more
8    about the defendants than an IP address, a record which can and does frequently change, which can
9    represent hundreds of individuals' computers, and all without any reason to believe that the IP
10   address engaged in infringing behavior except data gathered using secret and unverifiable
11   proprietary software.
12           These subpoenas have frequently been quashed in the past. United States District Court for
13   the Northern District of Illinois Judge Milton Shadur granted a Motion to Quash a very similar
14   subpoena filed by Plaintiff's representatives for CP Productions, Inc., another adult entertainment
15   company, under very similar circumstances.  CP Productions, Inc. v. Does, Docket No. 1:10-cv-
16   06255 (N.D. Ill. Feb. 24, 2011). In granting the motion, Judge Shadur wrote, "Among other things,
17   the newest motion demonstrates that there is no justification for dragging into an Illinois federal
18   court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly
19   does not exist." Judge Shadur also granted the motion because of the lack of merit behind the
20   joinder of 300 defendants together in a single Doe case, saying, "No predicate has been shown for
21   thus combining 300 separate actions on the cheap." Similar cases were also quashed in West
22   Virginia. Third World Media, LLC v. Does 1-1243, 3:10-cv-00090-JPB (N.D.W.Va. Sept. 24,
23   2010); Patrick Collins, Inc. v. DOES 1-281, 3:10-cv-00091-JPB (N.D.W.Va. Sept. 24, 2010);
24   Collins, Inc. v. DOES 1-46, 3:10-cv-00092-JPB (N.D.W.Va. Sept. 24, 2010); West Coast
25   Productions, Inc. v. DOES 1-2010, 3:10-cv-00093-JPB (N.D.W.Va. Sept. 24, 2010); West Coast
26   Productions, Inc. v. DOES 1-535, 3:10-cv-00094-JPB (N.D.W.Va. Sept. 24, 2010); Combat Zone,
27   Inc. v. DOES 1-1037 (N.D.W.Va. Sept. 24, 2010); Combat Zone, Inc. v. DOES 1-245, 3:10-cv-
28   00096-JPB (N.D.W.Va. Sept. 24, 2010).

Plaintiff's representatives have been the subject of many reports relating to questionable business and litigation practices relating to suits of this kind. Plaintiff's representatives stand to gain obvious financial benefits when their secret software identifies supposed infringing activity, providing them incentives to identify as many IP addresses as possible with as little public verification as possible.

Defendant is merely an unlucky victim of this scheme with no relation at all to the infringement alleged by Plaintiff.

### III. DISCUSSION

#### 1. Standard of review

A person served with a subpoena may move to quash or modify the subpoena under Federal Rule of Civil Procedure 45(c)(3). As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(iii). The proper procedural remedy against a *subpoena duces tecum* that calls for privileged matter is a motion to quash, vacate, recall, or modify the subpoena. City of L.A. v. Super. Ct., 111 Cal.App.4th 883 (App.4 Dist. 2003).

#### 2. Subpoena represents an undue burden on Defendant

Pursuant to Code of Civil Procedure Section 2017.010, information sought in discovery must not be privileged, must be relevant to the subject matter of the action, and be either admissible or reasonably calculated to lead to the discovery of admissible evidence. Information is considered "relevant to the subject matter of the case" if it might reasonably assist the party in evaluating the case, preparing for trial, or facilitating settlement thereof. Gonzalez v. Super. Ct. (City of San Francisco) 33 CA.4th 1539, 1546 (1995).

Defendant's personal information must not be considered relevant to the subject matter of the action. Defendant denies a connection with the IP address claimed by Plaintiff to have infringed on Plaintiff's copyrighted works. Defendant regularly monitors the IP addresses that identify Defendant's computer and has never before seen the IP address 71.198.104.197. Defendant also denies ever having uploaded or downloaded any of Plaintiff's works. Plaintiff deals in a type of

1  adult film work that Defendant is not interested in viewing. There is no connection between
2  Defendant, Defendant's activities, and Defendant's personal information and the IP address on
3  which Plaintiff claims infringing activity occurred.
4      Information that lacks this crucial connection to the case cannot possibly assist Plaintiff in
5  evaluating the case, preparing for trial, or facilitating settlement thereof. Indeed, Plaintiff's request
6  for discovery of Defendant's personal information can do nothing but distract both Plaintiff and the
7  Court from finding who, if anyone, engaged in unauthorized reproduction and distribution of
8  Plaintiff's works.

### 3. Infringement on Defendant's constitutional rights to free speech

10      Defendant is engaged in significant constitutionally protected speech and activity online, as
11  are the many hundreds of other people sued in Plaintiff's various John Doe lawsuits. Although
12  Plaintiff claims that Defendant engaged in copyright infringement online and asks the Court to
13  allow it to obtain personal information from Comcast, Plaintiff cannot show any direct connection
14  between Defendant and the alleged infringement that may have occurred on a particular computer.
15  In fact, the method used by the proprietary and secret software through which Plaintiff linked the IP
16  address with copyright infringement is unknown and may not be reliable.  This kind of request,
17  lacking verifiable truth, has a distinct chilling effect on Defendant's speech and on the speech of the
18  millions of other people acting online, since risking a copyright infringement lawsuit merely by
19  having an internet connection and an associated IP address would impact which ways, under what
20  circumstances, and how often a person may want to go online.
21      Defendant's interests in maintaining the rights to free speech significantly outweigh the
22  implications to Plaintiff of not receiving Defendant's personal information. Defendant is a single
23  John Doe in a very large grouping of Does obtained by Plaintiff through an unreliable method based
24  on Defendant's oft-changing IP address. Plaintiff cannot show a direct link between Defendant as a
25  true person and whatever infringing activity may have occurred online through the IP address
26  Plaintiff identifies, and none of the personal information Plaintiff seeks from Defendant will help
27  strengthen that link.  In addition, not receiving personal information from a single Doe while asking
28  for information on hundreds will not significantly impact Plaintiff's attempts to prevent filesharing

or to obtain monetary settlements from other Does. When balanced against the significant chilling aspect of this suit on both Defendant, Defendant's free speech rights must win.

**4.  Personal records maintained by Comcast cannot be released without Defendant's signed consent to release**

Code of Civil Procedure Section 1985.3(f) provides, "A subpoena duces tecum for personal records maintained by a telephone corporation which is a public utility, as defined in Section 216 of the Public Utilities Code, shall not be valid or effective unless it includes a consent to release, signed by the consumer whose records are requested, as required by Section 2891 of the Public Utilities Code." CCP Section 216 defines a public utility as including "every common carrier... [or] telephone corporation... where the service is performed for, or the commodity is delivered to, the public or any portion thereof."

Comcast is a home telephone, cable, and internet provider that performs and delivers its services and commodities to the public.  Indeed, Defendant uses Comcast for telephone services as well as internet service.  Comcast must therefore be considered a telephone corporation which is a public utility for the purposes of the statute. As such, any subpoena for personal records maintained by Comcast must be invalid or ineffective unless Defendant consents to release and signs in accordance with consent. Defendant does not so consent. For that reason, Comcast must be prevented from releasing the personal information Plaintiff seeks and the subpoena for such information must be quashed.

**5.  Defendant bears no connection to other Doe defendants in this case**

Plaintiff acted improperly in joining 46 Doe defendants, including Defendant, in this case. Federal Rule of Civil Procedure 20(a)(2), relating to the permissive joinder of parties, allows that "Persons... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Plaintiff alleges that Defendant and the other Doe defendants reproduced and distributed Plaintiff's Work by exchanging pieces of the Work file in a torrent swarm on BitTorrent.

It appears that Plaintiff anticipated the problems it would have with its joinder of 46 Doe defendants on its copyright claims, and improperly sought to corral those 46 unrelated cases together into one action by frivolously alleging civil conspiracy. Indeed, if there was a single infringement common to all 46 defendants that could represent a common transaction or occurrence sufficient to justify joinder of the disparate defendants, Plaintiff would have sought statutory damages for only one infringement rather than for the individual copies they allege each defendant to have made. Plaintiff cannot have this both ways.

In fact, it is impossible for Plaintiff to know whether Defendant and other Doe defendants uploaded or downloaded pieces of the Work to and from each other because there is no way to track which computers involved in a BitTorrent swarm upload or download which pieces of a particular file to or from which other computers. There is no demonstrable proof showing that Defendant seeded or downloaded the copyrighted Work to or from other individual Doe defendants. Even with jurisdictional discovery, Plaintiff could never reliably prove such a connection.

Because Plaintiff cannot show that Defendant and other Doe defendants engaged in the same transactions or occurrences, and effectively admits that fact by alleging separate infringements by each defendant, joinder of Defendant with other Doe defendants must be found improper.

### IV.  CONCLUSION

Defendant seeks to quash Plaintiff's subpoena for personally identifying information, including Defendant's true name, address, telephone number, email address, and media access control address. Allowing Plaintiff to discover Defendant's information through a subpoena would represent an undue burden on defendant, infringe Defendant's constitutional rights to free speech, and oppose Defendant's refusal to consent to the release of personal records by a telephone corporation which is a public utility. In addition, joinder of the 46 Doe defendants was improper.

Plaintiff's true efforts here are in accordance with a significant trend among copyright holders to attempt to secure money in the form of settlements where they perceive they have lost money due to online filesharing. Their goal, as can be seen in their Doe lawsuits across the country, is to obtain personal information from a very large amount of people combined into as few Doe

1  suits as possible with as many defendants as possible in each so that they can then send settlement
2  offers even in cases where there is no evidence that the accused ever actually infringed. They count
3  on most defendants not having access to attorneys, not moving to quash subpoenas, and being able
4  to fight back against incorrect claims of piracy. This has been a consistent pattern not only for
5  Plaintiffs but for many other similarly situated copyright owners and for other entities also
6  represented by Plaintiff's representatives.
7      Defendant is unfortunate enough to be among the many people sued by Plaintiff and
8  Plaintiff's representatives in this way. Defendant has no connection to the IP address claimed by
9  Plaintiff, has not infringed upon Plaintiff's copyrighted works, and was improperly joined to the
10 other Doe defendants. To not grant this motion to quash would be to allow an abuse of the system in
11 which innocent members of the online public become subject to a chilling of their activitiesby
12 copyright owners in a desperate attempt to cull online filesharing.

Respectfully Submitted,

/s/ David Barzelay
David Barzelay, Esq. (CA Bar No. 260605)
35 Walter St. No. 4
San Francisco, CA 94114
(415)613-3373
david.barzelay@gmail.com

David Philip Graham (CA Bar No. 269613)
(Admission Pending)
1800 Century Park East, Suite 600
Los Angeles, CA  90067
(424) 262-1718
David@DPGatLaw.com

*Attorneys for Movant*: John Doe
(aka IP address 71.198.104.197)