United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C-11-1959 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DOES' MOTIONS TO QUASH** |
| DOES 1-46, | |
| Defendants. | **(Docket Nos. 9, 10, 12)** |

Doe Defendants have each filed a motion to quash a subpoena issued by Plaintiff in the above-referenced case. *See* Docket Nos. 9, 10, 12. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motions to quash.[1]

First, to the extent a Doe argues that this Court lacks personal jurisdiction over him or her, that argument may well have merit but is, at this juncture of the proceedings, premature. *See Call of the Wild Movie, LLC v. Does*, Nos. 10-455 (BAH), 10-569 (BAH), 10-1520 (BAH), 2011 U.S. Dist. LEXIS 29153, at *27-32 (D.D.C. Mar. 22, 2011).

Second, to the extent a Doe argues that this forum is an inconvenient one (*e.g.*, because he or she lives hundreds of miles away), that may well be the case, and he or she may be entitled to a transfer of venue. But, similar to above, any motion to transfer is, at this point, premature.

---

[1] For purposes of this order, the Court assumes that each Doe has standing to challenge the subpoena because his or her identity is being sought.

Third, to the extent a Doe asserts improper joinder, that argument too may prevail but, "[a]t this stage in the litigation, . . . when discovery is underway [only] to learn identifying facts necessary to permit service on Doe defendants, joinder . . . of unknown parties identified only by IP addresses is proper," particularly where, are here, the complaint contains allegations that the Doe Defendants have infringed Plaintiff's copyright through "the same file-sharing software program [*i.e.*, BitTorrent] that operates through simultaneous and sequential computer connections and data transfers among the users." *Voltage Pictures, LLC v. Does*, No. 10- 0873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *29 (D.D.C. May 12, 2011). Doe Defendants may, at a later point in this litigation, raise the joinder issue if Plaintiff maintains this action against him or her.

Fourth, to the extent a Doe argues that he or she did not in fact infringe (*e.g.*, because of the unreliability of IP address and/or MAC tracing, because of the unreliability of home network security, or because of the inability to pinpoint a person by an IP address), "[a] general denial of engaging in copyright infringement is not a basis for quashing . . . . [Doe's] [d]enial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable." *Id.* at *18-20.

Finally, being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed.

Accordingly, the motions to quash are denied.

If, however, Plaintiff decides to maintain this action against any Doe (and not dismiss him or her), the Court hereby requires Plaintiff to seek leave of the Court before publicly identifying Doe in its filings. Absent Court order, Doe names shall be kept confidential.

///
///
///
///
///
///
///
///

2

United States District Court
For the Northern District of California

The Court has contact information for two of the Does and shall therefore serve a copy of this order on those Does. *See* Docket Nos. 9, 10. Because the Court does not have contact information to notify the third Doe Defendant of the denial of his or her motion, *see* Docket No. 12, the Court orders Plaintiff to immediately serve a copy of this order on the relevant ISP with the instruction that the ISP should in turn provide a copy of the order to Doe Defendant (its subscriber). Plaintiff shall file a proof of service.

This order disposes of Docket Nos. 9, 10, and 12.

IT IS SO ORDERED.

Dated: June 16, 2011

_____
EDWARD M. CHEN
United States District Judge

3

UNITED STATES DISTRICT COURT<br>
FOR THE<br>
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS,<br><br>   Plaintiff,<br><br> v.<br><br>DOES 1-46 et al,<br><br>   Defendant. | Case Number: CV11-01959 EMC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

246.114.15 (Docket #9)
67.49.46.27 (Docket #10)
Addresses REDACTED

*[Signature: Betty Lee]*

Dated: June 16, 2011

           Richard W. Wieking, Clerk
           By: Betty Lee, Deputy Clerk