United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C-11-1959 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DOE'S MOTION TO QUASH** |
| DOES 1-46, | **(Docket No. 18)** |
| Defendants. | |

Doe Defendant (aka IP address 71.198.104.197) has filed a motion to quash a subpoena issued by Plaintiff in the above-referenced case. *See* Docket No. 18. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motion to quash.

In essence, Doe makes four challenges to the subpoena. Each is without merit.

First, to the extent Doe argues that complying with the subpoena would be an undue burden because he or she does not have any connection with the IP address or because he or she denies having uploaded or downloaded any of Plaintiff's copyrighted works, those are merits arguments. As the Court has previously held, *see* Docket No. 19 (order), "[a] general denial of engaging in copyright infringement is not a basis for quashing . . . . [Doe's] [d]enial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable." *Voltage Pictures, LLC v. Does*, No. 10- 0873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *18-20 (D.D.C. May 12, 2011).

Second, to the extent Doe argues that the subpoena will infringe on his or her First Amendment right to free speech, the Court has evaluated the same argument in another case and found it unpersuasive. *See UMG Recordings, Inc. v. Does*, No. 06-0652 SBA (EMC), 2006 U.S. Dist. LEXIS 32821, at *5-9 (N.D. Cal. Mar. 6, 2006); *see also Sony Music Ent't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004).

Third, to the extent Doe invokes California Code of Civil Procedure § 1985.3, that statute has no relevance to the instant case, which involves a federal claim for copyright infringement.

Finally, to the extent Doe asserts improper joinder, that argument may prevail but, "[a]t this stage in the litigation, . . . when discovery is underway [only] to learn identifying facts necessary to permit service on Doe defendants, joinder . . . of unknown parties identified only by IP addresses is proper," particularly where, as here, the complaint contains allegations that the Doe Defendants have infringed Plaintiff's copyright through "the same file-sharing software program [i.e., BitTorrent] that operates through simultaneous and sequential computer connections and data transfers among the users." *Voltage Pictures*, 2011 U.S. Dist. LEXIS 50787, at *29.  Doe may, at a later point in this litigation, raise the joinder issue if Plaintiff maintains this action against him or her.

Accordingly, the motion to quash is denied.

If, however, Plaintiff decides to maintain this action against Doe (and not dismiss him or her), the Court hereby requires Plaintiff to seek leave of the Court before publicly identifying Doe in its filings.  Absent Court order, Doe names shall be kept confidential.

This order disposes of Docket No. 18.

IT IS SO ORDERED.

Dated: June 23, 2011

_____
EDWARD M. CHEN
United States District Judge

2