UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
2011 JUN 24 PM 12:30
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
N. DIST. OF CA

HARD DRIVE PRODUCTIONS, Inc. )
   Plaintiff )
                         )
                         )   Civil Action No. C-1101959EMC
v. )
                         )
JOHN DOE #1, pro se )
and multiple John Does )
   Defendant )

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served to Comcast, (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue burden of travel. See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown. See generally, Plant v. Does, 19 F. Supp. 2D 1316, 1320 (S.D. Fla 1998).

3. Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff. See GTE New Media Servs. v. Bellsouth Corp., 199 F. 3d 1343, 1349-49 (D.C. Cir. 2000). (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, LLC, 190 F. 3d 333, 336-337 (5th Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F. 3d 414, 419-420 (9th Cir. 1997).

5. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci & Tech. 343, 356 (discussing IP geo-location technologies ). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geo-location of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry. Whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

6. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

7. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

8. Allowing Plaintiff to proceed without quashing this subpoena would allow general jurisdiction in any federal court against any person across the country, or the world, so long as the claim involved a John Doe defendant and internet use, and such precedent violates due process as it offends "traditional notions of fairplay and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the subpoena requesting subscriber information relating to my IP address issued against the Internet Service Provider in the instant case, and suspend discovery pursuant to the local rules.

The undersigned would respectfully request an order protecting his identity, substantially in the form of "The subpoena seeking information from ISP regarding John Doe #1 (identity protected), is hereby quashed."

Dated this 20th day of June, 2011

Respectfully submitted,

John Doe #1, pro se
IP Address: 24.6.184.34

To whom it may concern:

      It has been brought to my attention that the legal ramifications for mass litigation (Docket No. C11-01567LB & C-1101959EMC) as pursued by Hard Drive Productions LLC as being deemed highly questionable. In addition, the cited IP address of 24.7.26.204 is not the digital signature of the owner(s) of this residence. That alone should render any further court action moot. Henceforth, the attached **motion to quash** for both cases will serve to expedite the process of freeing the residents here from further legal obligations.

      Signed,

      John Doe (IP address 24.6.184.34)

Date : 6/21/11

To : US District of Norcal.

From : Albert Vu

# pg : 07