Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | **No. C-11-01959 EMC** |
| Plaintiff, | Hon. Edward M. Chen |
| v. | |
| DOES 1 – 46 | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO QUASH SUBPOENA** |
| Defendants. | |

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 24.6.184.34,[1] and denying an association with IP address 24.7.26.204, filed a motion to quash the nonparty subpoena issued to Comcast Online. (Mot. to Quash and/or Vacate Subpoena and Incorporated Mem. of Law, June 24, 2011 [hereinafter Mot. to Quash #23], ECF No. 23.) This motion is nearly identical in content to another motion previously filed in this action (Mot. to Quash and/or Vacate Subpoena and Incorporated Mem. of Law, June 3, 2011 [hereinafter Mot. to Quash #9], ECF No. 9), which has already been considered and denied by this Court. (Order Den. Doe's Mots. to Quash, June 16, 2011 [hereinafter June 16 Order], ECF No. 19.)

No new arguments are raised in this motion; the only substantive difference between the instant motion and Mot. to Quash #9 is that Movant fails to make one of his predecessor's arguments. (*Compare* Mot. to Quash #9, *with* Mot. to Quash #23 (omitting the former ¶ 4 but

---

[1] This IP address, claimed by Movant, does not correspond to any IP address identified in Plaintiff's Complaint. (*See* Compl. Ex. A.)

otherwise identical).) Movant asks the Court to quash the subpoena and to grant him a protective order, arguing that the Court lacks personal jurisdiction over him (*Id.* at ¶¶ 4–5, 8), that the Court lacks personal jurisdiction over his ISP (*Id.* at ¶ 6), and that his ISP's compliance with the subpoena would impose an undue burden on him. (*Id.* at ¶ 7.) Movant also attaches a letter in which he claims that "the cited IP address of 24.7.26.204 is not the digital signature of the owner(s) of this residence."[2]

## ARGUMENT

This brief consists of five parts: Part I argues that Movant's challenge to personal jurisdiction is premature at this stage of the litigation. Part II argues that Movant has no standing to challenge the Court's jurisdiction over a non-party ISP. Part III argues that Movant's undue burden arguments properly lie with his ISP, and not him. Part IV argues that Movant is not entitled to a protective order. Finally, Part V argues that Movant's factual denial is irrelevant to his motion.

### I. MOVANT'S CHALLENGE TO PERSONAL JURISDICTION IS PREMATURE

Movant's challenge to personal jurisdiction is premature at this juncture of the litigation when the Court has limited means to evaluate Movant's specific connections with this forum. *See, e.g.*, June 16 Order 1:19–22; *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the

---

[2] (Mot. to Quash #23 at 4.) The IP address 24.7.26.204 is listed in Plaintiff's Complaint. (*See* Compl. Ex. A.) Plaintiff notes that dynamic IP addresses, the type most often assigned to consumer customers of ISPs, are known to change occasionally. (Hansmeier Decl. ¶¶ 16–17, Apr. 23, 2011, ECF No. 6-1.) Therefore, an IP address that was assigned to a Doe Defendant *at the time of infringement* may not be assigned to that Doe Defendant today. This could explain why Movant claims to be associated with an IP address not listed in the Complaint, and denies any association with a listed IP address. Both of these IP addresses are assigned in the approximate vicinity of Santa Clara, California. *See infra* n.3. The finite nature of IP address assignment information is one of many reasons that Plaintiff requested, and was granted, expedited discovery from ISPs.

existence of personal jurisdiction over the Doe defendants"). Movant's arguments on this front have already been made, considered, and rejected in this action. (*See* June 16 Order 1:19–22.)

Movant alleges that Plaintiff is "fully aware" that the Court lacks personal jurisdiction over him, relying on the existence of publicly-available IP geolocation services.[3] Movant's arguments are unavailing, as IP geolocation tools only show where a defendant is *likely* to be located; such information cannot resolve the question of whether personal jurisdiction is proper. *See Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *9 (D.D.C. Mar. 22, 2011); *Sony Music*, 326 F. Supp. 2d at 567–68. Even if Movant had submitted an affidavit asserting that he does not have contacts with this jurisdiction, the Court has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011); *see also, e.g.*, *London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as true, it is possible that the Court properly has personal jurisdiction.").

Movant also raises the slippery-slope argument that allowing Plaintiff to proceed with discovery would allow general jurisdiction in any federal court against any person across the country or the world. (Mot. to Dismiss #23 ¶ 8.) While such a prospect is potentially troubling, that is simply not the case here; Plaintiff's allegations do not involve general Internet access, but specific use of a file-sharing protocol that may touch multiple jurisdictions to effectuate the download of a single copyrighted Work. *See* Compl. ¶ 15; *Call of the Wild Movie*, 2011 WL 996786, at *9.

Although dispositive issues such as personal jurisdiction should indeed be resolved promptly, any such resolution would be premature at this juncture in the litigation. No putative defendant has yet been haled before this court; Plaintiff will be able to proceed only against named defendants over

---

[3] (Mot. to Quash #23 ¶ 5.) Plaintiff notes that the very same geolocation technology championed by Movant reveals the approximate location of his claimed IP address to be Santa Clara, California. *See* IP Details for 24.6.184.34, What Is My IP Address, http://whatismyipaddress.com/ip/24.6.184.34 (last visited June 29, 2011).

Plaintiff further notes that the IP address which Movant denies any association with, and which is listed in Plaintiff's Complaint, *also* has an approximate location of Santa Clara, California. *See* IP Details for 24.7.26.204, What Is My IP Address, http://whatismyipaddress.com/ip/24.7.26.204 (last visited June 29, 2011).

whom this court has personal jurisdiction. *Id.* at *9. When the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also* June 16 Order 1:19–20; *Virgin Records*, 2006 WL 1028956, at *3. The Court should deny the instant motion because Movant's personal jurisdiction arguments are premature.

## II. MOVANT LACKS STANDING TO CHALLENGE THE COURT'S JURISDICTION OVER A NON-PARTY ISP

Movant "contests" the personal jurisdiction of this Court over the ISP to which the subpoena was served. (*See* Mot. to Quash #23 ¶ 6.) Movant lacks standing to bring this challenge.

Since Movant is not a party to this case, he lacks standing to invoke the power of this Court to decide on this argument. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also* U.S. Const. art. III. The Supreme Court explained that the requirement for cases and controversies "limit[s] the business of federal courts to questions presented in an adversary context." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Our judicial system is premised upon the belief that adverse parties, with a stake in the outcome of the litigation, are best suited to fully litigate and present all relevant information to the courts. *See, e.g.*, *Baker v. Carr*, 369 U.S. 186, 204 (1962) (standing ensures "concrete adverseness"). In addition to constitutional limitations on federal court jurisdiction, the prudential standing doctrine embraces several judicially self-imposed limits on its exercise, such as the general prohibition on a litigant's raising another person's legal rights. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Movant has not met his burden to establish that he has standing to object to this Court's exercise of personal jurisdiction over a non-party ISP. Movant fails to allege any basis for standing in this regard. (*See generally* Mot. to Quash #23.) The Constitution of the United States demands that Movant be an adversary, but the closest Movant comes to being an adversary is the concern that the information released by his ISP may be about him, though he claims it is not. (*See id.* ¶¶ 2–3, 7.) This vague uneasiness and speculation about what Plaintiff may do and who may be named as a

party fall far short of the high constitutional bar for concrete adverseness. Furthermore, the prudential limitations on the exercise of federal court jurisdiction should also prohibit Movant from asserting the rights of his non-party ISP. Objections to personal jurisdiction, after all, may be waived, and Movant should not be allowed to usurp his ISP's decisions on this front. *See F.T.C. v. Browning*, 435 F.2d 96, n.7 (D.C. Cir. 1970) (recognizing that "objections to personal jurisdiction may be waived"). The Court should deny Movant's motion because Movant lacks standing to bring it.

Moreover, even if Movant had standing to raise this argument, it would still fail. Movant's ISP is found in the State of California, conducts business in this District and is registered with the California Secretary of State. Movant's ISP is thus subject to this Court's jurisdiction.

### III. MOVANT'S UNDUE BURDEN ARGUMENTS PROPERLY LIE WITH THE SUBPOENAED ISPS AND NOT MOVANT

Movant claims that the subpoena should be quashed because if he is identified and named as a party in this case, Movant will be subject to an undue burden. (*See* Mot. to Quash #23 ¶ 7.) This Court has already decided that "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." (June 16 Order 2:16–17.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot claim any hardship at this juncture; only the non-party ISP could potentially claim the same.

Movant essentially argues that the Plaintiff's non-party subpoena requires him to litigate in a forum in which he should not be subject to personal jurisdiction, which causes him hardship. Mot. to Quash #23 ¶ 7; *see also Voltage Pictures*, 2011 WL 1807438, at *3. However, as explained more fully above, Movant's personal jurisdiction arguments are premature because Movant has not yet been named as a party. *See supra* Part I; *Voltage Pictures*, 2011 WL 1807438, at *3. Because Movant is not a named party, Movant is not required to respond to the allegations presented in

Plaintiff's Complaint or otherwise litigate in this district. *Voltage Pictures*, 2011 WL 1807438, at *3. Movant faces no obligation to produce any information under the subpoena issued to his non-party ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging non-party ISP subpoena cannot demonstrate "*any* burden*").

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movants' only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here. Undue burden objections, in particular, properly lie with the ISPs, not Movants. *Kessel v. Cook Cnty.*, No. 00-C-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party); *see also Call of the Wild Movie*, 2011 WL 996786, at *16 (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *In re Yassai*, 225 B.R. at 484 (holding that movants could not meet their burden in demonstrating undue burden without evidence pertaining to the time, cost, or inconvenience entailed in responding to the third-party subpoenas). Movant bears a heavy burden of persuasion in establishing that compliance with the non-party ISP subpoenas would be unreasonable and oppressive—a burden that Movant has no chance of meeting. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### IV.  MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant apparently requests a protective order, seeking to protect his identity from being disclosed to Plaintiff. (Mot. to Quash #23 at 3.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Although Rule 26(c) contains no specific reference to privacy or to other rights or interests, such matters have been held implicit in the broad purpose and language of

the rule. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984). Movant does not qualify for such an order, as Movant is not subject to Plaintiff's subpoenas, and Movant's First Amendment right to anonymity in the context of his BitTorrent activity is minimal and outweighed by Plaintiff's need for the putative defendants' identifying information in order to protect its copyrights. *See Voltage Pictures*, 2011 WL 1807438, at *4 (denying motions for protective orders from thirty-five anonymous movants).

As described previously, Movant is not subject to Plaintiff's subpoenas. *See supra* Part III. Thus, Movant does not face any annoyance, embarrassment, oppression, or undue burden or expense from any of Plaintiff's discovery requests. *See id.*; *Voltage Pictures*, 2011 WL 1807438, at *4. Movant's request for a protective order therefore fails on all possible explicit grounds. Even to the extent that Movant's request invokes the implicit issue of privacy, it must fail.

A person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. *See UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (Chen, J.) (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music*, 326 F. Supp 2d at 558. Movant cannot cloak his identity in the First Amendment when his infringing activities are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.); *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal).

V. **MOVANT'S FACTUAL DENIAL IS IRRELEVANT TO HIS MOTION**

Movant attaches a letter asserting that "the cited IP address of 24.7.26.204 is not the digital signature of the owner(s) of this residence." (Mot. to Quash #23 at 4.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. (June 16 Order 2:10–15 (citing *Voltage*

*Pictures*, 2011 WL 1807438, at *2)). Movant's denial may have merit, but the merits of this case are not relevant to the issue of whether Plaintiff's subpoena is valid and enforceable. (*Id.*)

Movant may have valid defenses to this suit, possibly including that he has been "improperly identified by the ISP," but the time to raise those is after Movant is named as a party in this lawsuit—a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the motion because Movant's factual denial is irrelevant and premature.

## CONCLUSION

The Court should deny Movant's motion. Movant's challenge to personal jurisdiction is premature at this stage of the litigation; Movant lacks standing to challenge the Court's jurisdiction over a non-party ISP; Movant cannot credibly bring undue burden arguments; Movant is not entitled to a protective order because he is not subject to Plaintiff's subpoenas and has minimal privacy expectations; and Movant's factual denial is irrelevant to his motion.

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: June 30, 2011**

By:      /s/  Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

John Doe – IP Address 24.6.184.34
(No Further Identifying Information Provided)

John Doe – IP Address 24.7.26.204
(No Further Identifying Information Provided)

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.