Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | ) | No. C-11-01959 EMC |
|  | ) |  |
| Plaintiff, | ) | **PLAINTIFF'S MOTION FOR** |
| v. | ) | **ADMINISTRATIVE RELIEF FOR LEAVE** |
|  | ) | **TO CONTINUE INITIAL CASE** |
| DOES 1-46, | ) | **MANAGEMENT CONFERENCE** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELEIF FOR LEAVE TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff Hard Drive Productions, Inc., by and through its undersigned counsel, and pursuant to Northern District of California Local Rule (hereinafter "L.R.") 7-11, hereby moves this Court for administrative relief for an order continuing the initial case management conference for good cause. At this point in the litigation, Plaintiff has issued Court authorized subpoenas to Internet Service Providers (hereinafter "ISPs") to identify, and later serve, the Doe Defendants in this suit.  As of now, the ISPs are still in the process of gathering the information requested in the subpoenas, and supplying Plaintiff with the requested identifying information.  As of now, the ISPs have not identified all Doe Defendants to Plaintiff, and have not provided any definitive time table within which the remaining identifying information will be obtained, and/or turned over to Plaintiff.

Additionally, a Doe Defendant recently filed a Motion to Quash and/or Vacate Subpoena and Incorporated Memorandum of Law (DKT#23, hereinafter "Motion to Quash #23"), which has yet to have been resolved by the Court and/or the Magistrate it was referred to.

For reasons more fully explained below, and in the Exhibit A attached hereto, "Declaration of Brett L. Gibbs in Support of Application for a Continuance" (hereinafter "Gibbs Decl."), Plaintiff respectfully requests that this Court continue the Initial Case Management Conference (hereinafter "ICMC") to **Friday, November 18, 2011, at 9:00 a.m. on the 17th Floor in Courtroom 5 of the San Francisco Federal Court**[1], or to a later date that is in accordance with this Court's schedule. This continuance should allow the ISPs to gather and distribute to Plaintiff the information required by the subpoenas, and would likely allow Plaintiff to evaluate whether each Doe Defendant should be named – and therefore served – in this suit.

## BACKGROUND

On April 22, 2011, Plaintiff filed this lawsuit alleging copyright infringement and conspiracy against Doe Defendants (DKT#1). The Clerk's Office scheduled the ICMC for August 10, 2011 (DKT#3). The deadline to "meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan," and submit ADR documents, was set for July 20, 2011 (*Id.*). On April 23, 2011, Plaintiff filed its *Ex Parte* Application For Expedited Discovery (DKT#6) with supporting exhibits.

On April 25, 2011, this Court granted Plaintiff's *Ex Parte* Application (DKT#8), which allowed Plaintiff to issue the subpoenas necessary to identify Doe Defendants, and also provided a time schedule for all ISPs to provide such information and for any Doe Defendant to file a motion to

---

[1] For efficiency purposes, the suggested date would coordinate the ICMC in this matter with another ICMC in a separate case (Case No. 11-1495 EMC) that Plaintiff's counsel previously scheduled in this Court for that very same morning.

quash a subpoena issued to an ISP.  Over the days following the Court's April 25, 2011 Order (DKT#8), the subpoenas were served on the ISPs (*See* Gibbs Decl. ¶ 2).

Over the following months, four motions to quash Plaintiff's subpoenas were filed by various anonymous Doe Defendants.  The Court swiftly denied all four motions.  On June 24, 2011, an anonymous individual, identifying himself as "John Doe #1, IP Address: 24.6.184.34" (hereinafter "Doe#1"), moved the Court to quash and/or vacate Plaintiff's nonparty subpoena through Motion to Quash#23 (DKT#23). On June 27, 2011, the Court issued an Order of Reference, which, pursuant to L.R. 72-1, ordered that this case be referred "for ALL DISCOVERY PURPOSES (including the Motion to Quash, Docket #23) to a Magistrate Judge" to be considered and decided at his or her convenience (DKT#24).  On June 30, 2011, Plaintiff filed an opposition to Doe#1's Motion (DKT#25).[2]

As of the filing of this Motion, the Motion to Quash#23 has not been assigned to a Magistrate Judge, and the matter currently remains unresolved.  While the Motion is pending, the ISP will withhold Doe#1's identifying information per the Court's April 25, 2011 Order (*see* DKT#8).

## DISCUSSION

Given the circumstances, Plaintiff has two good-cause reasons for requesting a continuation of the ICMC.  First, Plaintiff has not yet identified all, and therefore has not named any, Doe Defendants in this suit.  Without the Defendants, the ICMC is a waste of Plaintiff's and the Court's time and resources.  Second, continuing the hearing would allow the Court to rule on Doe#1's Motion before jumping into the ICMC.  Without knowing how the Court plans to deal with the Motion, there would be little to discuss at the ICMC.

---

[2] In checking the ECF database during the preparation of this Motion, Plaintiff's counsel realized that "Plaintiff's Response in Opposition to Movant's Motion to Quash Subpoena" was accidentally characterized as a "Reply" brief, as opposed to a "Opposition/Response" brief.  This was an inadvertant mistake by Plaintiff's attorney.  Plaintiff's "Response in Opposition" should have been properly charachterized as such: a "Response/Opposition," as it is made abundantly clear from the actual papers.  Plaintiff's counsel apologizes for any confusion, prays that the Court recognizes this as a simple filing error, and treats the filing as a "Reponse/Opposition."

L.R. 16-2(d), entitled, "Relief from Case Management Schedule," reads, in part, as follows:

> By serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party, … may seek relief from an obligation imposed by FRCivP 16 or 26 or the *Order Setting Initial Case Management Conference*. The motion must:
> (1) Describe the *circumstances which support the request*;
> (2) Affirm that counsel for the moving party has conferred with all other counsel to reach agreement about the matter and, for each other *party*, report whether that party supports or opposes the request for relief;
> (3) Be accompanied by proposed revised case management schedule…

(emphasis added).

While most ISPs in this case have sent out letters to the relevant subscribers attached to the IP Addresses listed on Exhibit A of the Complaint (DKT#1 at 13), those ISPs still have not delivered all subscriber information to Plaintiff as required by the subpoenas (Gibbs Decl. ¶ 3). This process takes time. Plaintiff is patiently waiting for the ISPs to release the information to it, but has no power to force their collective hands beyond the subpoenas. From past dealings with the ISPs, these names will start trickling in once the information has been gathered, the subscribers have been notified, and all of the time periods have been cleared (Gibbs Decl. ¶ 4). Plaintiff, by and through its attorneys, is working with the ISPs to make this process as efficient and problem-free as possible (Gibbs Decl. ¶ 5). Depending on the ISP, and its willingness to cooperate, the identifying process can take days, weeks, or months (Gibbs Decl. ¶ 6). Should Plaintiff, or its attorneys, run into any major, and unjustified, resistance or delays, Plaintiff, by and through its attorneys, will notify the Court (Gibbs Decl. ¶ 7).

Additionally, Doe#1's Motion adds further delay to the identification of Doe#1 and other Doe Defendants in this suit (DKT#23).[3] Delay in the identification of Doe Defendants means delay in the naming of Doe Defendants as parties to the suit, which also means that, at this stage in the

---

[3] The Court will note that, though Doe#1 filed the Motions to, amongst other things, challenge the subpoena issued to his/her ISP, Doe#1 is *not* a party to the suit at this time. According to L.R. 16-2(d)(2), the party requesting the continuance – i.e. Plaintiff – need only confer with "parties" to the action. As none exist in this case aside from Plaintiff, Plaintiff purposefully makes no reference of any conference pursuant to L.R. 16-2(d)(2).

litigation, the notion of filing discovery documents, meeting and conferring with Defendants, or coming to any consensus on ADR deadlines as specified on the Order Setting the ICMC and ADR Deadline is all but impossible. While Plaintiff is entirely supportive of the Court-ordered due process procedures, Plaintiff also recognizes that due process takes due time.

Put plainly, at this juncture, the line items listed on the Court's Order Setting Initial Case Management Conference and ADR Deadlines would be entirely one-sided: Plaintiff would be meeting, alternatively disputing, and conferencing with itself. This would be a waste of Plaintiff's and the Court's valuable time and resources.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court continue the ICMC from August 10, 2011, to **Friday, November 18, 2011, at 9:00 a.m. on the 17th Floor in Courtroom 5 of the San Francisco Federal Court**, or to a later date that is in accordance with this Court's schedule.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: July 18, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 18, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                                  /s/ Brett L. Gibbs
                                                    Brett L. Gibbs, Esq.