UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HARD DRIVE PRODUCTIONS, INC., | Case No. C-11-01959 JCS |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION RE MOTION TO QUASH [Docket No. 23]** |
| v. | |
| DOES 1-46, Defendants. | |

A Doe defendant purportedly associated with IP address 24.7.26.204[1] has filed a motion to quash a subpoena issued by Plaintiff in the above-referenced case. *See* Docket No. 23 ("the Motion"). The Motion was referred to the undersigned magistrate judge.

In the Motion, Doe argues that the subpoena should be quashed because: 1) the Court lacks personal jurisdiction over him; 2) the Court lacks personal jurisdiction over his Internet Service Provider ("ISP"); 3) his ISP's compliance with the subpoena would impose an undue burden on him; and 4) Doe is not associated with the "the cited IP address of 24.7.26.24." Previously the same arguments were rejected by the district court in its Order Denying Does' Motions to Quash [Docket No. 19]. In particular, the district court found that challenges based on the possible lack of personal jurisdiction are premature, that compliance with the subpoena by the ISP would not constitute an undue burden, and that denial of liability is not a basis for quashing a subpoena. *Id*. The undersigned agrees with the conclusions of the district court on these issues. Nonetheless, it is recommended that the subpoena be quashed on the basis that joinder is improper.

---

[1] The Motion states that "the cited IP address of 24.7.26.24 is not the digital signature of the owner(s) of this residence," and lists Doe's IP address as 24.6.184.34. Plaintiff points out that "an IP address that was assigned to a Doe Defendant *at the time of the infringement* may not be assigned to that Doe Defendant today." Motion at 2, n. 2 (citing Hansmeier Decl., ¶¶ 16-17). Plaintiff also claims that geolocation technology reveals that both IP addresses are located in Santa Clara, California, suggesting that Doe changed his IP address after this action was filed. *Id*. at 3, n. 3 (citing What is My IP Address, http://whatismyipaddress.com/ip/24.7.26.204 (last visited June 29, 2011)).

The undersigned is cognizant of the fact that the District Court previously reached a different conclusion on the question of joinder in this action. *See* Docket No. 19 at 2. The reasons for the conclusion of the undersigned that joinder is improper in this case are set forth, in detail, in *Hard Drive Productions v. Does 1-188*, Case No. 11-01566 JCS, Docket No. 26. In that case, the undersigned concluded that Doe defendants who are joined in a single action on the basis that all of them used the BitTorrent protocol to illegally download a protected work, as is alleged here, are improperly joined, even if all of the Doe defendants participated in a single swarm. Accordingly, the Court severed and dismissed all but the first Doe defendant named in the action that had not already been dismissed. For the reasons stated in that decision, it is recommended that Doe's Motion be granted, that the subpoena for the moving Doe's subscriber information be quashed, and that all Does be dismissed from this action except Doe defendant at IP address 173.228.94.29.

Dated: January 18, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

2