1  Brett L. Gibbs, Esq. (SBN 251000)
   Prenda Law Inc.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

6

7                    IN THE UNITED STATES DISTRICT COURT FOR THE

8                          NORTHERN DISTRICT OF CALIFORNIA

9                                SAN FRANCISCO DIVISION

10

11
   HARD DRIVE PRODUCTIONS, INC.,      )    **No. C-11-01959 EMC**
12                                     )
              Plaintiff,               )    **PLAINTIFF'S CASE MANAGEMENT**
13        v.                           )    **CONFERENCE STATEMENT**
                                       )
14 DOE DEFENDANT ASSOCIATED WITH )
   IP ADDRESS 24.7.26.204,             )
15                                     )
              Defendant.               )
16                                     )
   _____)
17

18            **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

19        Plaintiff Hard Drive Productions, Inc., by and through its counsel, hereby submits Plaintiff's

20 Case Management Conference Statement pursuant to the Court's Order Setting Initial Case

21 Management Conference (ECF No. 3), and Northern District of California Civil Local Rule

22 (hereinafter "L.R.") 16-9(a).[1]

23

24 _____
   [1] Plaintiff still has not been able to identify the remaining Doe Defendant/Subscriber in this case.   The Doe
25 Defendant/Subscriber, self-identified as "John Doe #1" and associated with Internet Protocol address (hereinafter "IP
   address") 24.7.26.204 (referred to herein as "Movant"), brought a Motion to Quash and/or Vacate Subpoena and
26 Incorporated Memorandum of Law (ECF No. 23, hereinafter "Motion to Quash").   The ISP will not release his/her
   identifying information while that Motion is still pending, and Movant's Motion never voluntarily provided Plaintiff
   with any contact information.   The recent Report and Recommendation by the Honorable Magistrate Joseph C. Spero did
27 noting to help remedy this situation. (ECF No. 39.)
   For purposes of this Statement, Plaintiff's attorney has been unable to contact Movant to discuss, among other things,
28 whether he/she would like to collaborate on this Statement.   Further, Plaintiff does not believe that non-parties, such as
   Movant, should be treated as parties for any purposes, let alone case management purposes.   To allow nonparties to
   interject their opinions on case structure on cases that they are clearly not a parties to would interfere with the rights of

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. As Doe Defendant has not been identified or served, he or she has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant, using IP address 24.7.26.204, either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of Doe Defendant to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the remaining unidentified Doe Defendant—after Plaintiff filed its Notice of Voluntary Dismissal of Action Without Prejudice as to All Doe Defendants Except Doe Defendant Associated with the IP Address 24.7.26.204 (ECF No. 30, hereinafter "Plaintiff's Voluntary Dismissal Except IP Address 24.7.26.204")—who used IP Address 24.7.26.204 to illegally infringe on Plaintiff's copyrighted works has not been served for the simple reason that he/she still has yet to be identified.  In light of Movant's pending Motion to Quash, Plaintiff has been unable to obtain the Subscriber's identifying information, and further prosecute this case.

---

the actual parties involved in the case.  Right now, there is only one party in this matter: Plaintiff.  As such, Plaintiff is files Plaintiff's Case Management Conference Statement.

To be clear, again, the labels "Doe Defendant" and "Subscriber" are used interchangeably throughout this Statement for good reason: they often represent one-and-the-same individual. In other words, the individual who subscribes in the household is in fact the infringer.  For instance, an individual who lives alone with a secure wireless Internet connection is very likely to be both the Subscriber and Doe Defendant.  At this time, however, those pertinent details are entirely unknown to Plaintiff because Plaintiff is unable to identify the Subscriber/Doe Defendant remaining in this case in light of the pending Motion to Quash, and the Magistrate's Report and Recommendations.

**2. <u>Facts:</u>**

Plaintiff is an organization that holds the distribution copyrights to certain adult entertainment content. Doe Defendant is an alleged copyright infringer.  Movant alleges that he/she is the Subscriber whose IP address was used to illegally download Plaintiff's copyrighted works. Movant is also the potential Subscriber/Doe Defendant in this case. [4]  At this stage, however, there is no telling whether they are one and the same before identifying the Subscriber/Doe Defendant.

Certain facts in this case, including the following, are absolutely known at this time.  Doe Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. While these were not the only times of Doe Defendant's infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and recorded in Exhibit A attached to the Complaint. (ECF No. 1 at 13).  Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. A technician collected this data

---

[4] As of now, given Movant's complete anonymity, it is not clear whether he/she is even the Subscriber in this case. Potentially, Movant could be an entirely unassociated random advocate who simply does not agree with Plaintiff's stance on copyright law.  This is the inherent problem with anonymous litigation: individuals with potentially no standing in this matter are making arguments before the court, and effecting the litigation for actual litigants.

through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual using the IP address 24.7.26.204, which was assigned to Movant by Comcast Cable Communication, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 at 13.) Certain fundamental pending questions remain:  Who is Movant? Is Movant also the Subscriber/Doe Defendant?  None of these questions can be answered before the Court determines whether to adopt the Honorable Magistrate Judge Joseph C. Spero's (hereinafter the "Magistrate Judge") Report and Recommendation Re Motion to Quash (hereinafter "Magistrate's Recommendation"), to which Plaintiff has timely objected. (*See* ECF No. 41, January 26, 2012, "Plaintiff's Objections.")

**3. Legal Issues:**

At this point, there is only one legal issue pending. While Plaintiff states a *prima facie* case for copyright infringement, the question now is whether Plaintiff may discover the Subscriber/Doe Defendant's identifying information pursuant to the Court's April 25, 2011, Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference in light of the still pending Motion to Quash. (ECF Nos. 8, 23.)  While the Magistrate Judge believes Plaintiff does not have that right, Plaintiff does.  The issues are briefed and awaiting an order by this Court affirming or rejecting the Magistrate's Recommendation.

**4. Motions:**

On April 22, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On June 21, 2011, that Application was granted in the Court's April 25 Order. (ECF No. 8.)

On June 3, 2011, an anonymous Movant filed a Motion to Quash and/or Vacate Subpoena and Incorporated Memorandum of Law, and Plaintiff filed a Response in Opposition to Movant's Motion to Quash on June 8, 2011. (ECF Nos. 9, 14.)  On June 6, 2011, an anonymous Movant filed a Motion to Quash and/or Vacate Subpoena and Incorporated Memorandum of Law, and Plaintiff filed

a Response in Opposition to Movant's Motion to Quash on June 8, 2011 (ECF Nos. 10, 15.)  On June 7, 2011, an anonymous Movant filed a Motion to Quash Order Granting Plaintiff's Application for Leave to Take Discovery Prior to Rule 26(f) Conference with Extended Joinder Discussion, and Plaintiff filed a Response in Opposition to Movant's Motion to Quash on June 9, 2011 (ECF Nos. 12, 15.)  On June 16, 2011, the Court issued its Order Denying Motions to Quash, including all motions referenced above. (ECF No. 19.)

On June 13, 2011, an anonymous Movant filed a Notice of Motion and Motion by John Doe to Quash Subpoena, and Plaintiff filed a Response in Opposition to Movant's Motion to Quash on June 20, 2011 (ECF Nos. 18, 20.)  On June 23, 2011, the Court issued its Order Denying Doe's Motion to Quash. (ECF No. 19.)

On July 18, 2011, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 26.) On July 19, 2011, that motion was granted by the Court. (ECF No. 28.)

On June 24, 2011, Movant filed its Motion to Quash, and Plaintiff filed a Response in Opposition to Movant's Motion to Quash on June 30, 2011 (ECF Nos. 23, 25.)  In the meantime, the Court issued an Order of Reference, referring this case for "ALL DISCOVERY PRUPOSES (including the Motion to Quash #23) to a Magistrate Judge…" (ECF No. 24.)  That individual was the Honorable Magistrate Judge Joseph C. Spero.

On August 10, 2011, and September 27, 2011, Plaintiff dismissed a number of Doe Defendants, eventually leaving only the Doe Defendant associated with the IP address 24.7.26.204 remaining in this case.

On January 18, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Continue Initial Case Management Conference. (ECF No. 37.) On January 24, 2012, that motion was granted by the Court. (ECF No. 40.)

On January 18, 2012, the Magistrate's Recommendation was filed. (ECF No. 39.)  The Magistrate's Recommendation concerns Movant's Motion to Quash, and recommends granting that

motion. (*Id.*)   On January 26, 2012, Plaintiff filed its Objections. (ECF No. 42.)   That issue is pending, and ready for a ruling by the Court.

**5. Amendment of Pleadings:**

None.

**6. Evidence Preservation:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

When the Court granted Plaintiff the right to issue a subpoena to identify the Doe Defendant remaining in this case, the ISP was clearly instructed to preserve all available subscriber information relating to the IP address 24.7.26.204. (ECF No. 8.) While most IP addresses are dynamic, and there are no uniform governmental rules for keeping subscriber information at this time, the Court's previous order ensured that all information then known to the ISP concerning said IP address at the time the Court's order was received by the ISP would be preserved until notified otherwise.

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

**8. Discovery:**

Currently, Plaintiff is simply waiting on a ruling relating to the Magistrate's Recommendation.  If the Court adopts the Magistrate's Recommendation, Plaintiff will be unable to proceed with this case, and/or identify the copyright infringer.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant, enjoining and restraining the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

As previously discussed, there are no counterclaims.

**12. Settlement and ADR:**

Considering the strength of Plaintiff's case, the prospects for settlement should be extremely high.

Currently, the Court has not scheduled an ADR Phone Conference despite Plaintiff's request. (*See* ECF. No. 31.).  Practically speaking, however, at this point, without an identifiable Defendant in this case, there seems to be no need for such a Conference.

**13. Consent to Magistrate Judge For All Purposes:**

Originally, Plaintiff consented to proceed in front of the then Honorable Magistrate Judge Edward M. Chen for all purposes.  As circumstances have changed, and Your Honor has been appointed an Article Three District Court Judge, this consent is no longer applicable.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result. However, Plaintiff recognizes that this case cannot proceed forward without the resolution of Movant's Motion to Quash.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner. However, again, Plaintiff recognizes that this case cannot proceed forward without the resolution of the Magistrate's Recommendation, and, ultimately, a decision on Movant's Motion to Quash.

**17. Scheduling:**

Without Defendant being involved in this process, or knowing whether there will be a Defendant in this matter at all (i.e. whether the Court will allow Plaintiff to proceed with its discovery against Movant) any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without Defendant being involved in this process, or knowing whether there will be a Defendant in this matter, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (April 22, 2011, ECF No. 2.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

Not applicable.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: January 26, 2012**

By:        /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

1

## **CERTIFICATE OF SERVICE**

2
3
4

The undersigned hereby certifies that on January 26, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

5
6

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28