1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7

8   HARD DRIVE PRODUCTIONS, INC., *et al.*,        No. C-11-1959 EMC

9              Plaintiff,

10         v.                                      **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO QUASH**

11  JOHN DOE ASSOCIATED WITH IP
    ADDRESS:  24.7.26.204,

12             Defendant.                          **(Docket Nos. 23, 39)**

13  _____/
14
15
16         Defendant John Doe associated with IP Address 24.7.26.204[1] has filed a motion to quash a

17  subpoena issued by Plaintiff Hard Drive Productions, Inc.  Docket No. 23 ("Motion").  Having

18  reviewed Magistrate Judge Spero's report and recommendation and Plaintiff's objections to the

19  report and recommendation, the Court **DENIES** Defendant's motion to quash.

20                    **I.    FACTUAL & PROCEDURAL HISTORY**

21         Plaintiff is a producer and distributor of adult entertainment.  Compl. ¶ 6.  Plaintiff originally

22  brought this suit against 46 Doe Defendants, alleging that Doe Defendants used the Peer-to-Peer

23

24  _____

25         [1]  The original complaint was brought against Defendant John Doe associated with IP
    Address 24.7.26.204.  Compl., Exh. A.  Defendant John Doe states in his motion that "the cited IP
    address of 24.7.26.204 is not the digital signature of the owner(s) of this residence," and lists Doe's
26  IP address as 24.6.184.34.  Docket No. 23 at 4.  Plaintiff points out that "an IP address that was
    assigned to a Doe Defendant *at the time of the infringement* may not be assigned to that Doe
27  Defendant today."  Docket No. 25 at 2, n.2.  Plaintiff also claims that both addresses are located in
    the approximate vicinity of Santa Clara, California, suggesting that Doe changed his IP address after
28  this action was filed.  *Id.* at 3, n.3; *see also* Docket No. 39 at 1 n.1.  In any event, the only subpoena
    at issue currently before the Court is the one directed at 24.7.26.204.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  media distribution system BitTorrent to download and distribute Plaintiff's copyrighted works.

2  Compl. ¶ 23.

3      In April 2011, the Court granted Plaintiff's motion to serve Rule 45 subpoenas upon the

4  Internet Service Providers ("ISPs") identified in the Complaint.  Docket No. 8.  The subpoenas

5  sought information identifying each Defendant based on the supplied IP addresses, including name,

6  address, telephone number, e-mail address, and Media Access Control address.  Docket No. 8.  A

7  motion to quash and/or vacate the subpoena was filed by Doe Defendant associated with IP address

8  24.7.26.204.  Docket No. 23.  In this motion, Doe Defendant challenged the subpoena on the basis of

9  lack of jurisdiction, undue burden, and denial of liability.  Docket No. 23 ¶¶ 5, 7.  The motion was

10  referred to Judge Spero, who found that "challenges based on the possible lack of personal

11  jurisdiction are premature, that compliance with the subpoena by the ISP would not constitute an

12  undue burden, and that denial of liability is not a basis for quashing a subpoena."  Docket No. 39 at

13  1 ("R&R").  However, Judge Spero recommended that Doe Defendant's motion be granted because

14  of improper joinder.  R&R at 2.

15      Plaintiff dismissed all Doe defendants except Doe Defendant associated with IP address

16  24.7.26.204.  Docket No. 30.  On this basis, Plaintiff objected to the R&R, arguing that misjoinder

17  was no longer a basis for granting Doe's motion to quash.  Docket No. 41.

18                              **II.   DISCUSSION**

19      The Court agrees with Judge Spero that a challenge based on lack of personal jurisdiction is

20  premature (*see Call of the Wild Movie, LLC v. Does*, No. 10-455 (BAH), 10-569 (BAH). 10-1520

21  (BAH0, 2011 U.S. Dist. LEXIS 29153, at *27-32 (D.D.C. Mar. 22, 2011)), that "the merits of this

22  case are not relevant to the issue of whether the subpoena is valid and enforceable" (*Voltage

23  Pictures, LLC v. Does*, No. 10-0873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *18-20 (D.D.C. May

24  12, 2011)), and that being named a defendant in a case does not in and of itself constitute an undue

25  burden such that the subpoena should be quashed.

26      As to Judge Spero's finding of improper joinder, Plaintiff's dismissal of all other Defendants

27  other than Doe Defendant herein renders that issue moot.  Improper joinder is no longer a basis to

28  grant the motion to quash.

**III.    CONCLUSION**

For the reasons stated above, the Court **DENIES** Doe Defendant's motion to quash.  Plaintiff shall serve a copy of this order on Defendant John Doe associated with IP Address 24.7.26.204.

This order disposes of Docket Nos. 23 and 39.


IT IS SO ORDERED.


Dated:  February 28, 2012

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California